UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICARDO BORNALES, III, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1973 (ESH) |
| HARLEY G. LAPPIN et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Ricardo Bornales, III has filed a complaint alleging that the transfer policies of the Federal Bureau of Prisons ("BOP") violates his Fifth Amendment right to equal protection. The defendants have filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint or, in the alternative, under Rule 56 for summary judgment, for failure to state a claim upon which relief may be granted. The motion will be granted and the complaint will be dismissed.

**BACKGROUND**

Bornales is a Phillipine national who, at the time of his arrest, was lawfully in the United States as a permanent resident alien, living in northern California with his wife and four children, all of whom are United States citizens. Compl. ¶¶ 3-4, 33-34. Convicted in 2006 on drug trafficking, money laundering, and related charges, he is now serving a 262-month sentence of confinement. *Id.* ¶ 2. The Bureau of Immigration and Customs Enforcement ("ICE") has lodged

a detainer against his release, and does not intend to investigate or adjudicate his immigration status until he has been released from BOP custody and transferred to ICE custody. *Id.* ¶ 37.

Currently confined in a BOP facility in Kentucky, Bornales seeks an order from this Court directing the BOP to consider him for a transfer to a prison closer to his nuclear and extended family in northern California. *Id*. ¶¶ 35-36, 41. He has asked the BOP to consider such a transfer. *Id.* ¶¶ 26, 28. "In all instances Bornales has been informed that the first step in transferring him to another prison will be a recommendation by his Unit Team to do so." *Id.* ¶ 29.

The BOP makes "Nearer Release Transfers" ("NRT"), which are designed to "move the inmate closer to [his] legal residence or release destination, consistent with [his] security level." *Id.,* Ex. A at 10 (excerpting a portion of BOP Program Statement 5100.08). A prisoner with "an Order for Deportation, an Order of Removal, an ICE detainer for unadjudicated offenses or an ICE detainer for a hearing" is expressly excluded from consideration for an NRT program transfer. *Id.* To date, the "BOP has refused to consider Bornales for designation to a prison facility closer to northern California because Bornales is the subject of an ICE detainer. The BOP cites its policy expressed in PS 5100.08 which exempts the subjects of ICE detainers from transfers to place them nearer to the projected point of release from BOP custody." *Id.* ¶ 38.

Bornales alleges that the BOP also makes extra-NRT transfers, that is, transfers that are not part of the NRT program, to locate prisoners closer to their families, and alleges that he knows of at least two such transfers of U.S. citizens in the past year. Compl. ¶ 39. (referring to "exceptions" to the BOP's NRT program). Bornales does not identify any specific transfer

program other than the NRT, and he does not identify any express or actual exclusion from consideration to any other transfer program.

## DISCUSSION

A court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). In determining whether a complaint fails to state a claim upon which relief may be granted, generally a court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A court need not accept a plaintiff's legal conclusions or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint. *Id.* at 1276. Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2).). It requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 555 n. 3. In short, a complaint fails "if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and alterations omitted).

In deciding a Rule 12(b)(6) motion, a court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and

matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). "[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman,* 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C.Cir.2002) (citing *Greenberg v. The Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir.1999)). In reaching its decision on this motion, the Court did not consider any evidence submitted outside the pleadings and, therefore, the motion to dismiss will not be converted to one for summary judgment.[1]

On its face, Bornales' complaint fails to state a claim upon which relief may be granted. Without disputing that he is ineligible for an NRT transfer, he contends that he is challenging discrimination with respect to extra-NRT transfers. "The . . . BOP has decided that because Bornales' immigration status makes him ineligible for a transfer nearer to his point of release from BOP custody, . . . Bornales is automatically ineligible for consideration for any other type of transfer that would place him closer to his family in California." Pl.'s Opp. at 1. Bornales contends that, "the BOP's decision denies him equal protection of [the] law because a prisoner who is a United States citizen who will not be released from BOP custody into a community would nonetheless be considered for a transfer nearer to his family." *Id.* at 3. These conclusory

---

[1] The BOP submitted a declaration with its motion to dismiss. That declaration, however, relates only to the issue of whether Bornales exhausted all available administrative remedies, an argument the defendants made in their motion to dismiss. It is not necessary to reach the issue of exhaustion in order to address the merits of the underlying claim. 42 U.S.C. § 1997e(c)(2); *Woodford v. Ngo,* 548 U.S. 81, 101 (2006) (noting that a district court may "dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies."). The Court expressly does not reach the exhaustion issue in this case.

statements are unsupported by any factual allegations in the complaint.  There are no factual allegations to support an inference that the BOP has an extra-NRT program to move inmates closer to their families, or that a prisoner who is a United States citizen would be considered for a transfer nearer to his family whereas prisoners with ICE detainers would be deemed ineligible for the same sort of transfer.  Furthermore, there is no factual basis in the complaint for inferring that Bornales has not been or will not be considered for any extra-NRT transfer, or that he has been or will be deemed ineligible for an extra-NRT transfer because of his ICE detainer.

There can be no doubt that the BOP transfers prisoners for any of a variety of administrative reasons.  There is also no doubt that Bornales does not have a constitutional right to be transferred to a facility closer to his family.  *Meachum v. Fano,* 427 U.S. 215, 225 (1976) (holding that an inmate does not ordinarily have a constitutionally protected liberty interest in his assignment to a particular prison).  To be sure, prison policies that discriminate on the basis of national origin are subject to strict scrutiny.  *Franklin v. Barry*, 909 F. Supp. 21, 24 (D.D.C. 1995).  Furthermore, prison policies that discriminate on the basis of ICE detainers must be justified by some rational relationship to a legitimate governmental purpose.  *McLean v. Crabtree,* 173 F.3d 1176, 1186 (9th Cir. 1999) ("Because 'prisoners with detainers' does not constitute a suspect class, the detainer exclusion is valid so long as it survives the rational basis test . . . .").  Bornales, however, has not alleged facts that yield a reasonable inference that there is a prison policy or program that supports closer-to-family extra-NRT transfers, or that Bornales has been denied such a transfer either because of his national origin or because of his ICE detainer.  Therefore, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

DATE: May 25, 2010